(SPACE BELOW FOR FILING STAMP ONLY)

| | |
|---|---|
| 1 | EDGAR EUGENE PAGE (231147) |
| 2 | KATHLEEN C. PAGE (233040)<br>PAGE & PAGE ATTORNEYS AT LAW |
| 3 | Post Office Box 2837<br>San Francisco, California 94126-2837 |
| 4 | Phone (415) 986-4558<br>Fax (415) 986-4566 |

Attorneys for ANDREW S. HANSON

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

* * * * * * * *

| UNITED STATES OF AMERICA, | Case No.: 3:09-cr-0946-JSW |
|---|---|
| Plaintiffs, | |
| v. | *Ex Parte* REQUEST FOR PERMISSION TO BE ALLOWED TO ATTEND FAMILY EVENT WHILE ON PRETRIAL RELEASE |
| ANDREW S. HANSON, | |
| Defendants | |

TO: THE HONORABLE JUDGE OF THE ABOVE-ENTITLED COURT, AND THE PLAINTIFFS, BY AND THROUGH THEIR COUNSEL, OWEN MARTIKAN, ASSISTANT UNITED STATE ATTORNEY.

Andrew Samuel Hanson, defendant, by and through his attorney, Edgar Eugene Page, of Page & Page Attorneys at Law, requests that he be allowed to attend a family event this weekend.

Mr. Hanson's father attempted to seek permission from San Francisco Pretrial Services to allow his son to travel with him and his wife to the annual family holiday gathering. Pretrial Services denied that request. He was told he must get permission from the judge.

This request is to obtain permission so that Andrew Hanson may travel with his father to the family holiday event. The event will last two days. Family members from outside the Minnesota district will be attending the event, and this will be the only time this holiday season

1   that Andrew Hanson will be able to spend time with them.

2       Counsel does not know the government's position. An e-mail was forwarded to the
3   AUSA late yesterday, after counsel learned that pretrial services had denied Mr. Hanson's
4   request.

5       Counsel hopes that this matter might be resolved without having to appear on this matter.

6       The family is leaving their home at 3:00 p.m. PST for the event.

7       No other family member will be at the house where Andrew Hanson resides.

8       It appears to counsel that it would be in the best interest of Mr. Hanson that he be allowed
9   to attend the event.

10      The attached Declaration of Edgar Eugene Page supports this request.

11      Per General Order 45.VIII, counsel has submitted a Proposed Order in word processing
12   format to the Judge's PO email address.

### DECLARATION OF EDGAR EUGENE PAGE

I, EDGAR EUGENE PAGE, do hereby declare that:

1. I am duly licensed to practice law in the State of California.
2. I am a member in good standing in the State Bar of California, designated as member number 231147.
3. I am permitted to practice law before the United States District Court, Northern District of California.
4. I am permitted to practice law before the United States Circuit Court of Appeals for the Ninth Circuit.
5. I am permitted to practice law before the Supreme Court of the United States.
6. I represent Andrew Samuel Hanson, defendant, in the matter pending before this court, captioned as United States of America v. Andrew Samuel Hanson, designated as case number 3:09-cr-0946-JSW, and I represent Mr. Hanson in case number 3:09-cv-2664-WHA captioned as United States v. One Hewlett Packard Pavilion.
7. On January 27, 2009, Mr. Hanson was questioned and his laptop computer was

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 |     | seized by the plaintiffs at San Francisco International Airport, in San Francisco,   |
| 2 |     | California.                                                                          |
| 3 | 8.  | On June 15, 2009, a civil forfeiture case was filed in case number                   |
| 4 |     | 3:09-cv-2664-WHA.                                                                    |
| 5 | 9.  | The government was aware that Mr. Hanson was in Mexico because he signed his        |
| 6 |     | verification regarding the CONTEST OF FORFEITURE BY VERIFIED CLAIM                   |
| 7 |     | OF ASSERTION OF INTEREST IN SUBJECT PROPERTY in Mexico City on                       |
| 8 |     | July 15, 2009.                                                                       |
| 9 | 10. | Counsel has been informed that during the period from January 27, 2009, until his   |
| 10|     | self-surrender on December 6, 2009, that Mr. Hanson was allowed to travel            |
| 11|     | without any restrictions.                                                            |
| 12| 11. | On August 25, 2009, counsel filed a motion to stay the civil proceedings pursuant   |
| 13|     | to 18 U.S.C. § 981(g)(2). On September 21, 2009, the motion was granted and         |
| 14|     | the civil proceedings were stayed.                                                   |
| 15| 12. | On December 7, 2009, counsel learned for the first time that an indictment had      |
| 16|     | been filed under seal on September 28, 2009.                                         |
| 17| 13. | Prior to Thanksgiving, four people came to Mr. Hanson's parents home in             |
| 18|     | Minnesota and told his mother Mr. Hanson needed to surrender. These                  |
| 19|     | individuals did not leave a business card or any contact information.                |
| 20| 14. | Once counsel was noticed that someone was looking for Mr. Hanson, he promptly       |
| 21|     | attempted to find out if there was a warrant pending, and where should he            |
| 22|     | surrender.                                                                           |
| 23| 15. | Ultimately, it was revealed that the government had filed charges and the           |
| 24|     | surrender date of December 7, 2009, was arranged.                                    |
| 25| 16. | Mr. Hanson arrived in California on December 6, 2009, and was taken into            |
| 26|     | custody.                                                                             |
| 27| 17. | On December 7, 2009, Mr. Hanson was arraigned on the pending indictment.            |
| 28| 16. | Mr. Hanson seeks permission from this court to be allowed to attend an annual       |

-3-

1  family holiday gathering this weekend.  Counsel has been informed that many
2  family members will be attending the event from outside the district.  Further, that
3  this will be the only time that Mr. Hanson will be able to see them during this
4  holiday season.
5  17.  Counsel has been informed by Mr. Hanson's father that he will personally monitor
6  Andrew Hanson at the family gathering.
7  18.  The foregoing are true and correct to the best of my knowledge and belief at the
8  time of executing this declaration.
9  EXECUTED under penalty of perjury under the laws of the United States of America, in San
10  Francisco, California.

11  Dated:      December 11, 2009          Respectfully submitted,
12                                         Page & Page Attorneys at Law
13                                         /s/   Edgar Eugene Page
14                                         Attorney for Andrew Hanson

17  Dated: Dec. 11, 2009

*DENIED*
Judge Joseph C. Spero
United States District Court, Northern District of California

-4-