```
JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6758
    Facsimile: (415) 436-6753
    E-Mail: owen.martikan@usdoj.gov

Attorneys for the United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No: CR09-0946-JSW |
|---|---|
| v. | ) THE UNITED STATES' SUR-REPLY OPPOSING DEFENDANT'S MOTION TO SUPPRESS |
| ANDREW SAMUEL HANSON, | ) |
| Defendant. | ) Date: April 29, 2010<br>) Time: 2:30 pm<br>) Place: Courtroom 2, 19th Floor |

**INTRODUCTION**

In his reply brief, defendant Andrew Hanson raises three new arguments: (1) that government agents must obtain a warrant to perform a subsequent search of an item that has been seized at the border; (2) that a border search ends once an item has been seized; and (3) that he is entitled to an evidentiary hearing. The Court should reject all three of these arguments because they are contrary to the law in the Ninth and other Circuits.

## I. AN ITEM PROPERLY SEIZED THAT REMAINS IN LAW ENFORCEMENT CUSTODY MAY BE SEARCHED MORE THOROUGHLY LATER.

Customs officers have broad statutory authority to detain and search persons and merchandise entering the United States, and to seize suspected contraband. 19 U.S.C. §§ 482, 1581, 1582. Hanson argues at length in his reply that once an item is detained or seized during a border search, the government must obtain a warrant before searching it again later. Hanson Reply at 3-5. This position is directly contrary to long-standing Ninth Circuit law. In *United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir. 1983), the Ninth Circuit held that "once an item in an individual's possession has been lawfully seized and searched, subsequent searches of that item, so long as it remains in the legitimate uninterrupted possession of the police, may be conducted without a warrant."[1] In *Burnette*, the police conducted a valid but "cursory" inventory search of a defendant's purse after arresting her, but then later searched the purse more thoroughly, uncovering evidence that was not noticed during the earlier search. *Id*. The Ninth Circuit held that no warrant was necessary for the second search because as a result of the earlier search, the defendant's "expectation of privacy in the purse was necessarily reduced by a significant degree." *Id*.

The Ninth Circuit has consistently followed this rule since *Burnette*. *United States v. Turner*, 28 F.3d 981, 983 (9th Cir. 1994); *United States v. Johnson*, 820 F.2d 1065, 1072 (9th Cir. 1987); *United States v. Sanchez*, 337 Fed.Appx. 641, 642 (9th Cir. 2009).

In this case, Hanson concedes that the first search of his laptop was a valid border search. Hanson's Motion at 5. Hanson also does not dispute that his laptop remained in the uninterrupted custody of CBP from the time it was taken from him during the first search until the time of the second search, ten days later. The chain of custody form included with the Edwards Declaration also supports this conclusion. Like the defendant in *Burnette*, Hanson's expectation of privacy in his laptop was "significantly reduced" by the first border search.

---

[1] Hanson's laptop was detained for further search rather than seized, but with respect to the application of this precedent the distinction is immaterial.

*United States v. Arnold*, 533 F.3d 1003, 1010 (9th Cir. 2008) ("one's expectation of privacy [at the border] . . . is significantly less than that relating to one's home or office."). And no warrant was required to perform a more thorough search of the laptop later. *See Burnette, supra.*

Hanson's claim that his laptop is somehow different in "character" from other containers because it could contain "hundreds of thousands of files" of which only "one file had been identified as depicting a nude minor" has been squarely rejected by the Ninth Circuit. Hanson's Reply at 2. In *Arnold*, 533 F.3d at 1010, the defendant made the identical claim – that his laptop containing child pornography was different from a typical closed container because of its storage capacity and because it might contain material protected by the First Amendment – and the Ninth Circuit rejected it outright. The Ninth Circuit held that a laptop is no different from any other closed container holding contraband. *Id*. at 1009.

Hanson's reliance on a Michigan district court's unpublished decision in *United States v. Laich*, 2010 WL 259041 (E.D. Mich. 2010) is unavailing here. In *Laich*, the defendant arrived at customs at the Dallas airport, and customs officers found no contraband and cleared him through customs. *Id*. at *2. Then, when the defendant was about to board a connecting domestic flight, customs officers detained him and escorted him back to customs. *Id*. They then sent his laptop to a forensics lab in Detroit, where it was found to contain child pornography. *Id*. The district court suppressed the evidence found by the forensics lab in Detroit, noting that no contraband was found at customs, that the laptop had cleared customs, and that the laptop was never searched prior to its seizure and delivery to the Detroit forensics lab. *Id*.

The facts in this case are completely different. Until merchandise has cleared customs, it may not enter the United States. *See* 19 U.S.C. § 1499(a)(1). The laptop in *Laich* had cleared customs before it was searched, and the defendant thus had a heightened expectation of privacy in it. In this case, the customs officer found suspected contraband on her first search of Hanson's laptop at customs, the laptop never cleared customs and was maintained in government custody until it was searched again and more contraband was found. The Court should follow longstanding Ninth Circuit law and reject Hanson's claim that a subsequent search of evidence properly detained or seized during a border search requires a search warrant.

## II. A BORDER SEARCH DOES NOT END UNTIL THE SUBJECT OF THE SEARCH CLEARS CUSTOMS OR IS LAWFULLY SEIZED.

Hanson argues in his reply brief that "the exception [to the warrant requirement] that exists at the border disappears as soon as the item is seized." Hanson's Reply at 7. This is misleading, because while a border search ends when contraband is lawfully seized, it does not end when an item is "seized" in the sense that Hanson intends, which is whenever it is taken from the owner for the purpose of detention and further search. Customs officers have broad statutory authority to detain and search merchandise at the border. 19 U.S.C. § 1582. And this border search authority applies to the subject of the search until it has cleared customs.

Courts have broadly recognized customs authority to conduct border searches before merchandise clears customs. In *United States v. Gaviria*, 805 F.2d 1108, 1112 (2nd Cir. 1986), the Second Circuit held that a shipment was subjected to a border search because it was searched before clearing customs, and thus could be searched without any suspicion or cause. In *United States v. Abbouchi*, 502 F.3d 850, 856 (9th Cir. 2007), the Ninth Circuit held that a package was subject to a border search when it was searched by Customs at the last practicable opportunity to inspect it before it left the United States (and Customs jurisdiction). In *United States v. Gallagher*, 557 F.2d 1041, 1044 (4th Cir. 1977), the Fourth Circuit held that a camper was subjected to a border search (for which no cause or suspicion was required) because it was searched before it left the "official custody of United States Customs." In *United States v. Caminos*, 770 F.2d 361, 365 (3rd Cir. 1985), the Third Circuit held that a package searched eleven days after its arrival in the United States was still subject to a border search without cause or suspicion, because it had been under a customs bond for that entire time. In *United States v. Bareno-Burgos*, 739 F.Supp. 772, 779-80 (E.D.N.Y. 1990), a district court in New York found that a duffel was properly subjected to a border search because it had not yet cleared customs, noting that the most relevant factor in determining whether a border search had occurred was "the fact that a person or some property has initially cleared Customs and entered the United States." *Id*. at 779.

USA SUR-REPLY RE: MOTION TO SUPPRESS
CASE NO. CR 09-0946 JSW                                         4

Thus, the Court should reject Hanson's misleading claim that the border search exception "disappears" when an item is seized and find that the border search of detained merchandise continues until the item searched either clears customs or is lawfully seized.[2]

### III. HANSON IS NOT ENTITLED TO AN EVIDENTIARY HEARING.

For the first time in his reply, Hanson requests an evidentiary hearing. He presented no evidence, by way of declaration or otherwise, in either his opening brief or reply, and he failed to articulate any contested issue of fact in his moving papers. The Ninth Circuit has held that an evidentiary hearing on a motion to suppress is only necessary where the moving papers "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). *See also United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007) (quoting *Howell*).

Hanson's moving papers do not request an evidentiary hearing, and were submitted without any declarations or evidence. Indeed, the moving papers frame the issue as legal rather than factual: was the government required to obtain a search warrant before it searched Hanson's computer on February 6, 2009?[3] In his reply, Hanson proffers various questions that he would like to ask government witnesses on cross-examination, but this is not the same as alleging a specific contested issue of fact. Hanson cannot dispute any of the government declarants' testimony because he has no factual basis for doing so. Conclusory allegations and argument are no substitute for factual statements in a witness' declaration.

Hanson's reply brief does not dispute that the government had probable cause to seize his laptop after the February 6 examination, so the questions for the Court to answer are whether the officer who first examined Hanson's laptop at the airport could detain it for a more thorough

---

[2] Of course, even if the Court were to hold otherwise, the relevant distinction is between a border search, requiring no suspicion, and an extended border search, requiring reasonable suspicion. *See Gaviria*, 805 F.2d at 1112. In either case, the search here was proper. The distinction is not – as Hanson frames it – between a border search and a search requiring a warrant.

[3] Hanson assumes that the search took place on February 12, 2009, but the evidence submitted by the United States shows that it took place six days earlier.

USA SUR-REPLY RE: MOTION TO SUPPRESS
CASE NO. CR 09-0946 JSW

5

border search before allowing it to clear customs, or whether she had probable cause to seize it at that time. In the alternative, the Court may consider whether she had reasonable suspicion to detain it for a later search under the extended border search doctrine. While the United States has presented evidence and argument showing that the answer to all three questions is "Yes," Hanson has produced no contrary evidence. No evidentiary hearing is necessary here.

Hanson argues at length about how the *Dost* factors allegedly do not support probable cause – or even reasonable suspicion – to conclude that the image viewed by Customs Officer Edwards showed a lascivious exhibition of the genitals, and argues that he is entitled to cross-examine Edwards about these factors. But the Ninth Circuit does not support the rigid application of the *Dost* factors that Hanson advocates. Rather, the Ninth Circuit has recently held that the *Dost* factors are "neither exclusive nor conclusive" and are a mere "starting point" that a judge may use to determine whether a given image shows lascivious genital exhibition. *United States v. Banks*, 556 F.3d 967, 980 and n.5 (9th Cir. 2009). If the Court pleases, the United States can make the image identified by Customs Officer Edwards available for the Court's *in camera* inspection. The girl depicted is completely nude, her genital area is at or near the center of the image, she is depicted with mud smeared on her, and she is clearly a minor. The Court does not require an evidentiary hearing to decide whether this image gave Edwards probable cause, or reasonable suspicion, to suspect that Hanson's laptop contained contraband.

The Court should find that Hanson has failed to make a sufficient showing to justify an evidentiary hearing in this case.

## CONCLUSION

Hanson's reply brief makes arguments that are contrary to the law in the Ninth and other Circuits. The Court should deny his motion to suppress.

DATED: April 21, 2010                              Respectfully submitted,

JOSEPH RUSSONIELLO
United States Attorney


_____/S/_____
OWEN P. MARTIKAN
Assistant United States Attorney