```
1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    BRIAN J. STRETCH (CABN 163973)
3   Chief, Criminal Division

4   OWEN P. MARTIKAN (CABN 177944)
    ROBERT DAVID REES (CABN 229441)
5   Assistant United States Attorney

6     450 Golden Gate Avenue, 11th Floor, Box 36055
      San Francisco, California 94102
7     Telephone: (415) 436-7241
      Facsimile: (415) 436-7234
8     E-Mail: owen.martikan@usdoj.gov

9   Attorneys for the United States
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAMUEL HANSON,<br><br>    Defendant. | No. CR 09-0946 JSW<br><br>**THE UNITED STATES' MOTION TO ADMIT SPECIFIC ACTS EVIDENCE OR ALTERNATIVE NOTICE UNDER F.R.E. 404(b)**<br><br>Pretrial Conf. Date: August 30, 2010<br>Trial Date: September 20, 2010<br>Hon. Jeffrey S. White |

**INTRODUCTION**

At trial, the United States intends to introduce evidence showing that Hanson's possession and transportation of child pornography was not unintentional, or the result of an unwanted intrusion into his computer by a hacker or virus, or an unintended consequence of his interest in adult pornography. Such evidence will include, among other things, Hanson's use of newsgroups with descriptors suggestive of child pornography like "tinygirls" or "swollen nubbins," Hanson's possession of thousands of images of naked prepubescent children that – whether or not the images themselves constitute child pornography – show a specific interest in naked young children, Hanson's

USA IN LIMINE RE ACTS EVIDENCE & 404(b) NOTICE
CR 09-0946 JSW

possession of series of images of photographs of prepubescent or barely pubescent children of which several images constitute child pornography, but the rest suggest a sexual interest in children. The United States also intends to introduce evidence concerning where specific images were found on Hanson's computer, how files and folders were structured on Hanson's computer, and how files found their way onto Hanson's computer. All of this evidence will show that Hanson's possession of the images that the United States alleges are child pornography were not inadvertently or involuntarily saved to his computer.

The United States submits that this evidence is relevant admissible evidence under Fed. R. Evid. 402, is inextricably intertwined with the United States' proof of the charged conduct, or in the alternative that the evidence is admissible "other acts" evidence of which the United States hereby provides notice.

## ARGUMENT AND AUTHORITIES

"All relevant evidence is admissible." Fed. R. Evid. 402. Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. Moreover, when evidence is "inextricably intertwined with the crime charged," it is also direct evidence, and does not fall within the scope of Rule 404(b). *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002). *See also United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995) (holding that evidence is directly admissible if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to ... permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime").

Even if the defendant argues that any of this evidence is not directly relevant to the charged crimes, it would be admissible nonetheless. Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Indeed, Rule 404(b) explicitly permits the introduction of such evidence to prove motive, intent,

knowledge, identity, or absence of mistake or accident.  *See id.*  Notably, this Circuit has held that Federal Rule of Evidence 404(b) "is a rule of inclusion [and,] [u]nless the evidence of other crimes tends *only* to prove propensity, it is admissible." *United States v. Jackson*, 84 F.3d 1154, 1158–59 (9th Cir. 1996) (emphasis added).

The United States expects the defense in this case to focus on two issues: (1) whether the images found on Hanson's laptop are child pornography under the pertinent legal definitions; and (2) whether Hanson knowingly possessed them.  With respect to this latter issue, Hanson may present testimony or argument suggesting that Hanson unknowingly possessed the relevant images because a virus may have placed them on his computer, a malicious computer hacker may have broken into his computer to place images there, or that the images were an unintended byproduct of his hunt for adult pornography.

Whichever of these arguments Hanson raises – or indeed if he raises all of them – the United States is entitled to present evidence that Hanson's possession and transportation of the child pornography images was knowing because of the number of images, the types of images, how and where the images were categorized and saved on Hanson's laptop, and how the images likely found their way onto Hanson's computer. Evidence showing that Hanson had an interest in pictures of young, naked, children, that he searched for images under categories suggestive of child pornography, that he collected images carrying website captions that are suggestive of child pornography through their use of terms such as "Lolitas," that Hanson collected lengthy series of images showing prepubescent children in various states of undress or – while naked – posing in highly sexual ways (some of which the United States contends constitute child pornography), and that Hanson saved many of these images in locations on his computer showing that he knew they were there and wanted them there, are all directly relevant to the United States' proof of the crimes charged.  They are inextricably intertwined with the United States presentation of Hanson's criminal conduct.

The Ninth Circuit has held that evidence that provides the jury with a coherent and comprehensible story regarding the commission of a crime is admissible. *See, e.g., United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) ("The policies underlying rule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." (internal quotation marks omitted)).

The Ninth Circuit has also held that in a child pornography prosecution, evidence showing the defendant's control over his computer and of the files on it is relevant to show knowing possession. *United States v. Romm*, 455 F.3d 990 (9th Cir. 2006) (holding that, because the defendant exercised control over images on his computer screen, meaning that he could print, copy, or email the images, there was sufficient evidence to support the jury's finding that he knowingly possessed those images). Similarly, unless Hanson concedes the intent element in this case, the United States must present evidence showing that Hanson knowingly collected and transported child pornography on his laptop.

Moreover, this evidence is admissible as "other acts" evidence under Fed. R. Evid. 404(b), because it shows intent, knowledge, and absence of mistake. The child pornography images at the heart of this case were found on a laptop that Hanson told a customs officer was his, that was password-protected, and that had one registered user: Andy. The child pornography images identified during the second Customs search were found in "Andy's" file directory, some of them among saved photos of Hanson at various vacation spots, and others in a download folder for a newsgroup client software application. The client software had been directed to find images from newsgroups with names suggestive of child pornography such as "tiny girls" and "swollen nubbins" and "nudism youth and families" and "beautiful nymphs." The child pornography was interspersed with hundreds of images of young naked children, including voyeuristic "crotch shots" of toddlers' and prepubescent girls' panties. The filenames and captions of some of Hanson's images – such as "Hairless Pussy" and "LolitasArt" – suggest a sexual

1  interest in children.  Some of the child pornography images charged in this case are parts
2  of series of numerous pictures of the same child model, either naked or partially dressed,
3  posed sexually.  Ultimately, the sheer number of pictures of naked children in just two
4  folders on Hanson's computer makes it unreasonable for Hanson to argue that he did not
5  know they were there, or that he didn't want them to be there.  Finally, Hanson's extreme
6  nervousness during the first Customs inspection is circumstantial evidence that he knew
7  he possessed contraband.

**CONCLUSION**

The United States asks this Court to find that the evidence described above is relevant evidence that is inextricably intertwined with the United States' presentation of the offense conduct in this case, or in the alternative that the evidence is admissible other acts evidence of knowledge, intent, and absence of mistake for purposes of Fed. R. Evid. 404(b).

DATED: August 16, 2010                    Respectfully submitted,

                                          MELINDA HAAG
                                          United States Attorney


                                          _____/s_____
                                          OWEN P. MARTIKAN
                                          ROBERT D. REES
                                          Assistant United States Attorneys