UNITED DEFENSE GROUP, LLP
Eric Chase, CA SBN 148030
4181 Sunswept Drive, Ste. 100
Studio City, CA 91604
Telephone (818) 487-7400
Fax (818) 487-7414

Attorneys for Defendant
ANDREW SAMUEL HANSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT COURT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:09-cr-000946-JSW |
| Plaintiff | : : | |
| | : | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE |
| | : : | HON. JEFFREY S. WHITE |
| ANDREW SAMUEL HANSON, | : : | |
| Defendant. | : | |

**INTRODUCTION**

Andrew Hanson's computer was seized after he was stopped at San Francisco International Airport on January 27, 2009, and Customs Officer Sheryl Edwards noticed that he appeared nervous and had male enhancement pills and a bag of condoms in his luggage. After Officer Edwards discovered what she believed to be one image of child pornography on Mr. Hanson's computer, she seized the computer. Nine days later, Customs Analyst Justin Shey made a mirror image of the computer's hard drive, and after sending a copy of the image to ICE, found two folders containing many images, some of which he suspected constituted child pornography. The ICE forensic analyst subsequently conducted a warrantless search and discovered what he believed to be more child pornographic images.

## EVIDENCE ABOUT WHY OFFICER EDWARDS STOPPED MR. HANSON IS IRRELEVANT

Just as Fed. R. Evid. 402 states that all relevant evidence is admissible, it also provides that "[e]vidence which is not relevant is not admissible." The Government should be prevented from introducing evidence about Officer Edwards' reasons for singling out Mr. Hanson because that evidence is irrelevant.

Relevant evidence is that which tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable. Fed. R. Evid. 401. In a prosecution for possession and transportation of material involving the sexual exploitation of minors, the only issues are whether the defendant knowingly possessed and transported visual depictions involving the use of a minor engaging in sexually explicit conduct. Whether the defendant had certain other items in his possession that led Officer Edwards to search his computer is utterly irrelevant to the issues at trail. Even though the defense cannot divine any relevance to that evidence, its introduction would undoubtedly be unduly prejudicial.

## CONCLUSION

To the extent that the Government seeks the introduction of previously suppressed evidence to show Mr. Hanson's knowledge and intent, its Motion should be denied as violative of this Court's previous suppression order. Also, to the extent that the Government seeks to introduce evidence about why Officer Edwards decided to search Mr. Hanson's computer, this Court should deny its motion, because that evidence is irrelevant and unduly prejudicial.

Respectfully submitted,

August 17, 2010                              s/ Eric A. Chase
                                             Eric A. Chase
                                             Counsel for Andrew Hanson